UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

CARL SCHLATMANN
167 Wild Rose Road
Williston, South Carolina 29853

   Plaintiff,          Case No. 25-cv-1473

  v.              **JURY TRIAL DEMANDED**

RESTORATION HOLDINGS, INC.
3201 Market Street
Green Bay, Wisconsin 54304

   Defendant

## COMPLAINT

### PRELIMINARY STATEMENT

1. This case is brought pursuant to the Fair Labor Standards Act of 1938, as amended, ("FLSA"), and Wisconsin's Wage Payment and Collection Laws, Wis. Stat. § 109.01 *et seq.*, Wis. Stat. § 104.01 *et seq.*, Wis. Stat. § 103.001 *et seq.,* Wis. Admin. Code § DWD 274.01 *et seq.*, and Wis. Admin. Code § DWD 272.001 *et seq.* ("WWPCL"), by Plaintiff, Carl Schlatmann, against Defendant, Restoration Holdings, Inc., for purposes of obtaining relief under the FLSA and WWPCL for unpaid overtime compensation, unpaid minimum wages, unpaid straight time (regular) and/or agreed upon wages, liquidated damages, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

### JURISDICTION AND VENUE

2. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the FLSA, 29 U.S.C. §§ 201, *et seq.*

3. This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over the state law claims, Wisconsin's Wage Payment and Collection Laws, Wis. Stat. § 109.01 *et seq*., Wis. Stat. § 104.01 *et seq*., Wis. Stat. § 103.001 *et seq.,* Wis. Admin. Code § DWD 274.01 *et seq*., and Wis. Admin. Code § DWD 272.001 *et seq*., because they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

4. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because a substantial part of the events or omissions giving rise to the claims occurred in this District, and/or Defendant has substantial and systematic contacts in this District.

## **PARTIES**

5. Plaintiff, Carl Schlatmann, is an adult male resident of the State of South Carolina residing at 167 Wild Rose Road, Williston, South Carolina 29853.

6. Defendant, Restoration Holdings, Inc., is an entity incorporated in the State of Wisconsin with a principal office address of 3201 Market Street, Green Bay, Wisconsin 54304.

7. Defendant is a restoration company.

8. For purposes of the FLSA, Defendant was an "employer" of an "employee," Plaintiff, as those terms are used in 29 U.S.C. §§ 203(d) and (e).

9. For purposes of the WWPCL, Defendant was an "employer" of Plaintiff, and Plaintiff was "employed" by Defendant, as those terms, or variations thereof, are used in Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq*., 104.01 *et seq*., and Wis. Admin. Code § DWD 272.01.

10. During the relevant time periods as stated herein, Defendant was engaged in "commerce" and/or its employees were engaged in "commerce," as that term is defined under the FLSA.

11. During Plaintiff's employment with Defendant, Plaintiff worked as an hourly-paid, non-exempt employee in the position of Project Manager at Defendant's direction, on Defendant's behalf, for Defendant's benefit, and/or with Defendant's knowledge in the State of Wisconsin.

12. During Plaintiff's employment with Defendant, Defendant employed more than two (2) employees.

13. During Plaintiff's employment with Defendant, Defendant's annual dollar volume of sales or business exceeded $500,000.

14. During Plaintiff's employment with Defendant, Defendant hired, terminated, promoted, demoted, and/or suspended Plaintiff.

15. During Plaintiff's employment with Defendant, Defendant supervised Plaintiff's day-to-day activities.

16. During Plaintiff's employment with Defendant, Defendant reviewed Plaintiff's work performance.

17. During Plaintiff's employment with Defendant, Defendant established Plaintiff's work schedules and provided Plaintiff with work assignments and hours of work.

18. During Plaintiff's employment with Defendant, Plaintiff utilized Defendant's employment policies, practices, and/or procedures in the performance of his job duties.

19. During Plaintiff's employment with Defendant, Defendant oversaw, managed, and adjudicated Plaintiff's employment-related questions, benefits-related questions, and workplace issues.

## GENERAL ALLEGATIONS

20. On or about July 13, 2025, Defendant hired Plaintiff as an hourly-paid, non-exempt employee in the position of Project Manager working primarily in the State of Wisconsin.

21. During Plaintiff's employment with Defendant, Defendant compensated Plaintiff on an hourly basis and/or with an hourly rate of pay.

22. During Plaintiff's employment with Defendant, Plaintiff was a non-exempt employee for purposes of the FLSA and WWPCL.

23. During Plaintiff's employment with Defendant, Defendant agreed to compensate Plaintiff with earned wages for any and all hours worked and work performed on its behalf, for its benefit, at its direction, and/or with its knowledge in the position of Project Manager working in the State of Wisconsin.

24. During Plaintiff's employment with Defendant, Defendant agreed to compensate Plaintiff with a regular hourly rate of $27.50 per hour for any and all hours worked and work performed on its behalf, for its benefit, at its direction, and/or with its knowledge in the position of Project Manager working in the State of Wisconsin.

25. During Plaintiff's employment with Defendant, Defendant agreed to compensate Plaintiff with other forms of monetary compensation, in addition to his regular hourly rate of pay, such as per diem pay of $50.00 per day and paid time off ("PTO"), accruing at the rate of one (1) hour of PTO paid at his regular hourly rate of pay per forty (40) hours worked.

26. On or about August 14, 2024, Plaintiff's employment with Defendant ended.

27. During Plaintiff's employment with Defendant, Plaintiff often worked in excess of forty (40) hours per workweek.

28. During Plaintiff's employment with Defendant, Defendant knew or had knowledge that Plaintiff often worked in excess of forty (40) hours per workweek.

29. During Plaintiff's employment with Defendant, Defendant compensated Plaintiff on a bi-weekly basis via check.

30. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant's workweek for FLSA and WWPCL purposes was Sunday through Saturday.

31. During Plaintiff's employment with Defendant, Plaintiff was a non-union employee of Defendant.

32. During Plaintiff's employment with Defendant, and during the workweek(s) that covered the time period from July 13, 2025, to July 26, 2025, Plaintiff earned a total amount of approximately $3,701.54 in agreed-upon compensation and earned wages for hours worked and work performed in his position of Project Manager and on Defendant's behalf, for Defendant's benefit, at Defendant's direction, and/or with Defendant's knowledge.

33. On August 1, 2025, Defendant deducted $1,291.00 from Plaintiff's previously-earned wages during the workweek(s) that covered the time period from July 13, 2025, to July 26, 2025, without Plaintiff's consent or authorization, either verbally or writing, immediately prior to the deduction.

34. Defendant did not – and to date, has not – compensated Plaintiff with all agreed-upon compensation and all earned wages during the workweek(s) that covered the time period from July 13, 2025, to July 26, 2025, for all hours worked and work performed in his position of Project Manager and on Defendant's behalf, for Defendant's benefit, at Defendant's direction, and/or with Defendant's knowledge.

35. During Plaintiff's employment with Defendant, and during the workweek that covered the time period from August 10, 2025, to August 14, 2025, Plaintiff performed approximately 40.00 hours of compensable work at his regular rate of pay, $27.50, and approximately 16.50 hours of compensable work at his overtime rate of pay, $41.25, totaling approximately $1,770.31, in his position of Project Manager and on Defendant's behalf, for Defendant's benefit, at Defendant's direction, and/or with Defendant's knowledge.

36. During Plaintiff's employment with Defendant, and during the workweek that covered the time period from August 10, 2025, to August 14, 2025, Defendant was aware that Plaintiff performed approximately 56.50 hours of compensable work in his position of Project Manager and on Defendant's behalf, for Defendant's benefit, at Defendant's direction, and/or with Defendant's knowledge.

37. During Plaintiff's employment with Defendant, and during the workweek that covered the time period from August 10, 2025, to August 14, 2025, Plaintiff earned approximately $200.00 in agreed-upon per diem pay, at $50.00 per day, for hours worked and work performed in his position of Project Manager and on Defendant's behalf, for Defendant's benefit, at Defendant's direction, and/or with Defendant's knowledge.

38. During Plaintiff's employment with Defendant, and to date, Defendant has not compensated Plaintiff for any hours worked and/or work performed in his position of Project Manager and during the workweek that covered the time period from August 10, 2025, to August 14, 2025, at either his regular rate of pay, his overtime rate of pay, and/or with agreed-upon per diem pay, totaling approximately $1,970.31.

39. During Plaintiff's employment with Defendant, and during the workweek that covered the time period from August 10, 2025, to August 14, 2025, Defendant failed to compensate

Plaintiff with an effective hourly rate of at least $7.25 for any and all hours worked and work performed, in violation of the FLSA and WWPCL.

40. During Plaintiff's employment with Defendant, and during the workweek that covered the time period from August 10, 2025, to August 14, 2025, Defendant suffered or permitted Plaintiff to work without appropriately and lawfully compensating him with any earned and agreed-upon wages for hours worked and work performed on Defendant's behalf, for Defendant's benefit, at Defendant's direction, and/or with Defendant's knowledge, in violation of the FLSA and WWPCL.

41. During Plaintiff's employment with Defendant, Plaintiff earned approximately six (6) hours of agreed-upon and accrued PTO at his regular hourly rate of pay, $27.50, for hours worked and work performed on Defendant's behalf, for Defendant's benefit, at Defendant's direction, and/or with Defendant's knowledge, totaling approximately $165.00.

42. During Plaintiff's employment with Defendant, and to date, Defendant has not compensated Plaintiff for the aforementioned earned, agreed-upon, and accrued PTO, totaling approximately $165.00.

43. During Plaintiff's employment with Defendant, Defendant suffered or permitted Plaintiff to work in excess of forty (40) hours per workweek without appropriately and lawfully compensating him at the correct overtime rate of pay for hours worker in excess of forty (40) hours in the workweek.

44. During Plaintiff's employment with Defendant, Defendant suffered or permitted Plaintiff to work each workweek without appropriately and lawfully compensating him for all hours worked each workweek, including but not limited to with agreed-upon payments and earned wages and other agreed-upon compensation, as described herein.

45. Defendant knew or should have known that Plaintiff must be compensated for all hours worked, work performed, and/or with all agreed-upon compensation, payments, and/or wages of employment, in accordance with the WWPCL.

46. Defendant had a statutory duty to comply with the WWPCL and to remedy WWPCL violations of which it was aware and/or of which it should have been aware.

47. As a result of Defendant's unlawful actions during Plaintiff's employment with Defendant, Defendant owes Plaintiff a total monetary amount of approximately $3,426.31, plus liquidated damages, and attorneys' fees and costs.

## FIRST CAUSE OF ACTION
### Violations of the FLSA – Unpaid Overtime Wages

48. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

49. At all times material herein, Plaintiff was entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

50. At all times material herein, Defendant was an employer of Plaintiff as provided under the FLSA.

51. At all times material herein, Plaintiff was an employee of Defendant as provided under the FLSA.

52. Defendant violated the FLSA by suffering or permitting Plaintiff to perform work without being properly or lawfully compensated for each hour worked in excess of forty (40) hours during the workweek that covered the time period of August 10, 2025, to August 14, 2025, and at the proper and correct overtime rate of pay.

53. The FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for

commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

54. Defendant was subject to the overtime pay requirements of the FLSA because Defendant is an enterprise engaged in commerce and/or its employees are engaged in commerce, as defined in FLSA, 29 U.S.C. § 203(b).

55. Defendant's failure to properly compensate Plaintiff with overtime pay was willfully perpetrated. Defendant also has not acted in good faith and with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b). Alternatively, should the Court find that Defendant acted in good faith and with reasonable grounds in failing to pay overtime premium pay wages, Plaintiff is entitled to an award of pre-judgment interest at the applicable legal rate.

56. As a result of the aforesaid willful violations of the FLSA's provisions, overtime compensation has been unlawfully withheld by Defendant from Plaintiff for which Defendant is liable pursuant to 29 U.S.C. § 216(b).

57. Plaintiff is entitled to damages equal to the mandated overtime premium pay within the three (3) years preceding the date of filing of this Complaint, plus periods of equitable tolling because Defendant acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

58. Pursuant to FLSA, 29 U.S.C. § 216(b), successful plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

## SECOND CAUSE OF ACTION
### Violations of the WWPCL – Unpaid Overtime Wages

59. Plaintiff reasserts and incorporates all previous paragraphs as if they were set forth herein.

60. At all material times herein, Plaintiff was an employee of Defendant within the meaning of Wis. Stat. §§ 109.01(1r), 103.001(5), and 104.01(2)(a).

61. At all material times herein, Plaintiff was an employee of Defendant within the meaning of Wis. Stat. § 109.01(1r), Wis. Stat. §103.001(5), and Wis. Stat. §104.01(2)(a).

62. At all material times herein, Defendant was an employer of Plaintiff within the meaning of Wis. Stat. § 109.01(2), Wis. Stat. §103.001(6), Wis. Stat. §104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

63. At all material times herein, Defendant employed Plaintiff within the meaning of Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

64. At all material times herein, Plaintiff regularly performed activities that were an integral and indispensable part of his principal activities without receiving compensation for these activities.

65. During Plaintiff's employment with Defendant, Defendant willfully failed to pay Plaintiff overtime premium compensation for all hours worked in excess of forty (40) hours during the workweek that covered the time period of August 10, 2025, to August 14, 2025, in violation of WWPCL.

66. As set forth above, Plaintiff has sustained losses in his compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff seeks damages in the amount of his respective unpaid compensation, injunctive relief requiring Defendant to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal

and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

67. Plaintiff seeks recovery of attorneys' fees and the costs of this action to be paid by Defendant pursuant to the WWPCL.

## THIRD CAUSE OF ACTION
## Violations of the FLSA – Unpaid Minimum Wages

68. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

69. Section 206(a)(1) of the FLSA regulates, among other things, the payment of a minimum wage by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.

70. At all times material herein, Defendant was an employer of Plaintiff as provided under the FLSA, 29 U.S.C. § 201 et seq.

71. At all times material herein, Plaintiff was entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 et seq.

72. During Plaintiff's employment with Defendant, Defendant intentionally violated the FLSA by failing to compensate Plaintiff with an effective hourly rate of at least $7.25 per hour for any and all hours worked and work performed in the position of Project Manager during the workweek that covered the time period of August 10, 2025, to August 14, 2025.

73. Defendant's failure to properly and legally compensate Plaintiff for all compensable work performed at a minimum rate of pay was willfully perpetrated. Defendant has not acted in good faith and with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff is entitled to recover an award of

liquidated damages in an amount equal to the amount of unpaid minimum wages as described above pursuant to Section 216(b) of the FLSA. Alternatively, should the Court find that Defendant acted reasonably and with good faith in failing to pay minimum wages, Plaintiff is entitled to an award of pre-judgment interest at the applicable legal rate.

74. As a result of the aforesaid willful violations of the FLSA's provisions, minimum wages have been unlawfully withheld from Plaintiff by Defendant.

75. Plaintiff is entitled to damages equal to the minimum wages due and owing within the three (3) years preceding the date of filing of this Complaint, ECF No. 1, plus periods of equitable tolling because Defendant acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA and otherwise engaged in wrongful conduct that prevented Plaintiff from asserting claims against Defendants.

76. Pursuant to the FLSA, 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages.

## FOURTH CAUSE OF ACTION
### Violations of the WWPCL – Unpaid Minimum Wages

77. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

78. At all times material herein, Plaintiff was an employee of Defendant within the meaning of Wis. Stat. § 109.01(1r), Wis. Stat. §103.001(5), and Wis. Stat. §104.01(2)(a).

79. At all times material herein, Defendant was an employer of Plaintiff within the meaning of Wis. Stat. § 109.01(2), Wis. Stat. §103.001(6), Wis. Stat. §104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

80. At all times material herein, Defendant employed Plaintiff within the meaning of Wis. Stat. §§109.01 et seq., 103.01 et seq., 104.01 et seq., and Wis. Admin. Code § DWD 272.01.

81. During Plaintiff's employment with Defendant, Plaintiff regularly performed activities that were an integral and indispensable part of his principal activities in the position of Project Manager during the workweek that covered the time period of August 10, 2025, to August 14, 2025, without receiving compensation for these activities at the hourly rate of $7.25.

82. During Plaintiff's employment with Defendant, Defendant willfully and intentionally violated the WWPCL by failing to compensate Plaintiff with an effective hourly rate of at least $7.25 per hour for all hours worked in the position of Project Manager during the workweek that covered the time period of August 10, 2025, to August 14, 2025.

83. As set forth above, Plaintiff sustained losses in compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff seeks damages in the amount of his unpaid compensation, injunctive relief requiring Defendant to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

84. Plaintiff seeks recovery of attorneys' fees and the costs of this action to be paid by Defendants, pursuant to the WWPCL.

## FIFTH CAUSE OF ACTION
## Violations of the WWPCL – Failure To Pay An Agreed-Upon Wage

85. Plaintiff reasserts and incorporates all previous paragraphs as if they were set forth herein.

86. At all material times herein, Plaintiff was an employee of Defendant within the meaning of Wis. Stat. § 109.01(1r), Wis. Stat. §103.001(5), and Wis. Stat. §104.01(2)(a).

87. At all material times herein, Defendant was an employer of Plaintiff within the meaning of Wis. Stat. § 109.01(2), Wis. Stat. §103.001(6), Wis. Stat. §104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

88. At all material times herein, Defendant employed Plaintiff within the meaning of Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

89. At all material times herein, Plaintiff regularly performed activities that were an integral and indispensable part of his principal activities without receiving compensation for these activities.

90. During Plaintiff's employment with Defendant, and in accordance with Wis. Stat. § 109.01(3), Plaintiff was entitled to all agreed-upon compensation, payments, and/or wages from Defendant, as described herein, such as regular wages, overtime wages, per diem pay, and PTO.

91. During Plaintiff's employment with Defendant and to date, Defendant willfully failed to timely compensate Plaintiff with all agreed-upon wages or payments, as defined in Wis. Stat. § 109.01(3), including but not limited to the earned and agreed-upon compensation and wages as described herein, such as regular wages, overtime wages, per diem pay, and PTO, in violation of Wis. Stat. § 109.03(1).

92. As set forth above, Plaintiff sustained losses in compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff seeks damages in the amount of his unpaid compensation, injunctive relief requiring Defendant to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper.

93. Under Wis. Stat. § 109.11, Plaintiff is entitled to liquidated damages equal to the unpaid wages and recovery of attorneys' fees and costs of this action to be paid by Defendant, pursuant to the WWPCL.

## SIXTH CAUSE OF ACTION
### Violations of the WWPCL – Unlawful Deductions

94. Plaintiff reasserts and incorporates all previous paragraphs as if they were set forth herein.

95. At all material times herein, Plaintiff was an employee of Defendant within the meaning of Wis. Stat. § 109.01(1r), Wis. Stat. §103.001(5), and Wis. Stat. §104.01(2)(a).

96. At all material times herein, Defendant was an employer of Plaintiff within the meaning of Wis. Stat. § 109.01(2), Wis. Stat. §103.001(6), Wis. Stat. §104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

97. At all material times herein, Defendant employed Plaintiff within the meaning of Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

98. At all material times herein, Plaintiff regularly performed activities that were an integral and indispensable part of his principal activities without receiving compensation for these activities.

99. At all times material herein, Wis. Stat. §103.455 was applicable to Plaintiff's employment with Defendant, which states, in relevant part: "No employer may make any deduction from the wages due or earned by any employee, who is not an independent contractor, for defective or faulty workmanship, lost or stolen property or damage to property, unless the employee authorizes the employer in writing to make that deduction…"

100. During Plaintiff's employment with Defendant and on August 1, 2025, Defendant, in violation of Wis. Stat. §103.455, unlawfully and willfully deducted earned compensation from

Plaintiff's previously-earned wages during the workweek(s) that covered the time period from July 13, 2025, to July 26, 2025, without Plaintiff's consent or authorization, either verbally or writing, immediately prior to the deduction.

101. As set forth above, Plaintiff sustained losses in compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff seeks damages in the amount of his unpaid compensation, injunctive relief requiring Defendant to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper.

102. Under Wis. Stat. § 109.11, Plaintiff is entitled to liquidated damages equal to the unpaid wages and recovery of attorneys' fees and costs of this action to be paid by Defendant, pursuant to the WWPCL.

**WHEREFORE**, it is respectfully prayed that this Court grant the following relief:

1. Order Defendant to make Plaintiff whole by providing reimbursement for unpaid overtime wages, regular and/or agreed-upon wages, unlawful deductions, pre-judgment and post-judgment interest, and for all times spent performing compensable work for which Plaintiff was not properly paid as provided under the FLSA and WWPCL;

2. Grant to Plaintiff liquidated damages against Defendant;

3. Grant to Plaintiff attorneys' fees and costs; and

4. Grant to Plaintiff whatever other relief this Court deems necessary and proper.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES**

Dated this 24th day of September, 2025

                WALCHESKE & LUZI, LLC
                Counsel for Plaintiff

                **s/ *Scott S. Luzi***
                James A. Walcheske, State Bar No. 1065635
                Scott S. Luzi, State Bar No. 1067405
                David M. Potteiger, State Bar No. 1067009

WALCHESKE & LUZI, LLC
235 N. Executive Drive, Suite 240
Brookfield, Wisconsin 53005
Telephone: (262) 780-1953
Fax: (262) 565-6469
E-Mail: jwalcheske@walcheskeluzi.com
E-Mail: sluzi@walcheskeluzi.com
E-Mail: dpotteiger@walcheskeluzi.com